UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| BRIAN MARQUINCE LONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) No. 1:18-cv-1121-JDT-cgc |
| | ) |
| STEPHEN PAGE, | ) |
| | ) |
| Defendant. | ) |

ORDER TO MODIFY THE DOCKET AND DIRECTING THAT
PROCESS BE ISSUED AND SERVED ON DEFENDANT PAGE

On July 9, 2018, Plaintiff Brian Marquince Long filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) On August 30, 2018, the Court dismissed the complaint for failure to state a claim on which relief may be granted but granted Long leave to file an amended complaint. (ECF No. 7.) Long has timely filed an amended complaint in which he names only Lieutenant Stephen Page as a Defendant in his individual capacity. (ECF No. 11 at PageID 33.) The Clerk is DIRECTED to terminate the other Defendants on the docket.

Long alleges that, while Long was an inmate at the Henry County Corrections Facility (Jail), Lieutenant Page repeatedly called Long a "Stupid N[-----]" for attempting to file grievances against Page and his officers because, Page allegedly said, "those grievances won't go anyw[h]ere nor will he allow any grievances to be filed in his jail."

(ECF No. 11 at PageID 34.) Long alleges Page further threatened to cause Long physical harm and abuse if he continued to grieve Page and his officers. (*Id.*) Long nevertheless still filed grievances, and in retaliation Page allegedly placed Long's food tray on the ground without a cover and made additional racial threats. (*Id.* at PageID 35.) In another incident, Page "yanked the blanket off" Long, forced him into the corner of his cell and again used racial epithets while threatening Long, telling him "he has a place to keep people like [Long]." (*Id.*)

Long seeks injunctive relief barring Lieutenant Page "from employment in a position wherein he is required to act under the color of state law." (*Id.* at PageID 37.) He also seeks unspecified compensatory damages. (*Id.*)

The legal standards for assessing the claims in an inmate's complaint were set forth in the prior order of dismissal, (ECF No. 7 at PageID 21-23), and will not be reiterated here.

Long's amended complaint primarily addresses his previous claim of retaliation under the First Amendment. As the Court previously noted, a claim of retaliation has three elements: 1) protected conduct, 2) an adverse action, and 3) a causal connection between the two. (*Id.* at PageID 25 (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc), *Scott v. Churchill*, 377 F.3d 565, 569 (6th Cir. 2004), and *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001)).)

Long sufficiently alleges that he engaged in protected conduct—the filing of grievances against Lieutenant Page, some of which he attached to his complaint. (ECF No. 11-1 at PageID 39-43). Long alleges that in retaliation for filing his grievances,

Lieutenant Page made racial threats and engaged in intimidating conduct towards Long. Though it is a close case, Page's alleged racial comments and threat that "he has a place to keep people like [Long]" constitute an adverse action that would deter a person of ordinary fitness from continuing to engage in his protected conduct. *See Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010) (citing *Thaddeus-X*, 175 F.3d at 398) (noting that a more-than "de minimus" threat may constitute an adverse action); *Reynolds-Bey v. Harris*, 428 F. App'x 493, 504 (6th Cir. 2011) (concluding that prison guard's racial slurs and threat that inmate "will always stay on my list" were sufficient to constitute an adverse action in inmate's retaliation claim). Lastly, Long sufficiently alleges a causal connection between his filing of grievances and Page's threats. Long alleges that Page directly referenced Long's grievances as the reason for his comments and threats. Long has therefore stated a claim of retaliation under the First Amendment against Lieutenant Page, and process will be issued on that claim.

Long also alleges that Lieutenant Page racially discriminated against him by using racial slurs and epithets. Long alleges that Page's use of racial language "reflects [that] the Defendant had no intention of granting the Plaintiff any relief in his grievances." (ECF No. 11 at PageID 34.) The Court construes Long's allegation as a claim that he was denied equal protection under the Fourteenth Amendment, which provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., amend. XIV, § 1. "To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental

3

right, targets a suspect class, or has no rational basis.'" *Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quoting *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. Of Shelby, Mich.*, 470 F.3d 286, 299 (6th Cir. 2006)).

Long alleges that Lieutenant Page's racial comments are proof that Page would not grant his grievances. Long, however, does not allege that Page granted the grievances of any similarly situated inmates of a different race. Nor does he allege that Page actually denied or ignored his grievances because of his race. Long merely assumes that, because Lieutenant Page had made racist comments, he would not grant Long's grievances. To the extent Long seeks to assert an equal protection claim, he fails to do so.

Because Long is no longer at the Jail, his request for an injunction against Lieutenant Page is moot. *Moore v. Curtis*, 68 F. App'x 561, 562 (6th Cir. 2003) (claims for declaratory and injunctive relief against prison staff moot when inmate transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same).

It is ORDERED that the Clerk shall issue process for Defendant Page and deliver that process to the U.S. Marshal for service. Service shall be made on Defendant Page pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10) by registered or certified mail or personally if mail service is not effective. All costs of service shall by advanced by the United States.

It is further ORDERED that Long shall serve a copy of every subsequent document he files in this case on the attorneys for Defendant Page or on Defendant Page if he is unrepresented. Long shall make a certificate of service on every document he files. Long

shall familiarize himself with the Federal Rules of Civil Procedure and this Court's Local Rules.[1]

Long is reminded that he must promptly notify the Clerk of any change of address or extended absence. Failure to comply with these requirements or any other order of the Court may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[1] A copy of the Local Rules may be obtained from the Clerk or on the Court's website at https://www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.