UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN MARQUINCE LONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 18-1121-JDT-cgc |
| | ) | |
| STEPHEN PAGE, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT
OF COUNSEL AND GRANTING MOTION FOR EXTENSION
OF TIME TO SERVE DISCOVERY RESPONSES

The *pro se* Plaintiff, Brian Marquince Long, has filed a motion seeking an extension of time to provide responses to the Defendant's First Set of Interrogatories and Requests for Production of Documents. (ECF No. 23.) He states that he received the discovery requests on October 24, 2019, but the prison where he is confined has been on lockdown for seven days or longer. During that time, Long states he has been unable to go to the legal library or to obtain any legal assistance. (*Id.* at PageID 86.) Long also states that he is waiting for the Court to appoint counsel to represent him. (*Id.* at PageID 85.) Long's motion to appoint counsel was filed on August 29, 2019. (ECF No. 15.)

Pursuant to 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." However, "[t]he appointment of counsel in a civil proceeding is not a constitutional right." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir.

2003); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[T]he plaintiffs were not entitled to have counsel appointed because this is a civil lawsuit."); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (no constitutional right to counsel in a civil case); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993) ("There is no constitutional or . . . statutory right to counsel in federal civil cases . . . ."). Appointment of counsel is "a privilege that is justified only by exceptional circumstances." *Lavado*, 992 F.2d at 606 (internal quotation marks and citation omitted). "In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved." *Id.* at 606 (internal quotation marks and citations omitted). Appointment of counsel is not appropriate when a *pro se* litigant's claims are frivolous or when his chances of success are extremely slim. *Id.* (citing *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985)); *see also Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) ("The key [to determining whether exceptional circumstances exist] is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help.")

The Court concludes that appointment of counsel is not warranted in this case. The facts and issues are not complex, as the only claim remaining is Long's First Amendment retaliation claim against Defendant Page. Therefore, Long's motion for appointment of counsel is DENIED.

Defendant Page has filed a response to the motion for extension of time, stating that he has no objection to Long's request for an additional thirty days in which to provide his

2

discovery responses. (ECF No. 24.) Accordingly, the motion is GRANTED. Plaintiff Long is allowed an additional period of time, through and including December 24, 2019, in which to serve responses to Defendant's First Set of Interrogatories and Requests for Production.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE