```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE WESTERN DISTRICT OF TENNESSEE
                           WESTERN DIVISION
```

| | |
|---|---|
| BRIAN MARQUINCE LONG, )<br> )<br> Plaintiff, )<br> )<br> )<br> )<br>v. ) No. 18-cv-1121<br> )<br>STEPHEN PAGE, )<br> )<br> Defendant. )<br> )<br> ) | |

**ORDER GRANTING SUMMARY JUDGMENT**

This is a prisoner's rights case. Plaintiff Brian Marquince Long brings a First Amendment retaliation claim against Defendant Stephen Page under 42 U.S.C. § 1983. (ECF No. 11.) Before the Court is Page's Motion for Summary Judgment (the "Motion.") (ECF No. 35.) For the following reasons, the Motion is GRANTED.

**I. Background**

The following facts are undisputed.

On October 9, 2018, Long filed his Amended Complaint alleging that Page, an employee of the Henry County Sheriff's Department, violated Long's First Amendment rights while he was incarcerated in the Henry County Corrections Facility ("HCCF.") (ECF No. 11.) Long claims that Page retaliated against him for filing grievances by calling Long a racial slur, yanking a

blanket off Long, and pinning Long in a corner of a jail cell. (Id.)

On April 9, 2020, Page moved for summary judgment, arguing that Long had not exhausted his administrative remedies and that Page had not retaliated against Long.  (ECF No. 35-1.)  On June 29, 2020, Long asked for more time to respond to the Motion because the COVID-19 restrictions at the prison limited library access.  (ECF No. 38.)  On June 30, 2020, the Court granted Long's Motion and set the date to respond to the Motion for Summary Judgment to July 31, 2020.  (ECF No. 39.)  On August 10, 2020, Long again moved for more time to respond to the Motion. (ECF No. 42.)  On February 18, 2022, mail sent to Long was returned to the Court as undeliverable.  (ECF No. 47.)  Long has not responded to the Motion.

## II.  Standard of Review

Under Federal Rule of Civil Procedure 56, a court shall grant a party's motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party can meet this burden by showing the court that the nonmoving party, having had sufficient opportunity for discovery, has no evidence to support an essential element of his case.  See Fed. R. Civ. P. 56(c)(1);

Asbury v. Teodosio, 412 F. App'x 786, 791 (6th Cir. 2011) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)).

When confronted with a properly-supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine dispute for trial. See Fed. R. Civ. P. 56(c). "A genuine dispute exists when the plaintiff presents significant probative evidence on which a reasonable jury could return a verdict for her." EEOC v. Ford Motor Co., 782 F.3d 753, 760 (6th Cir. 2015) (quotation marks omitted). The nonmoving party must do more than simply "show that there is some metaphysical doubt as to the material facts." Adcor Indus., Inc. v. Bevcorp, LLC, 252 F. App'x 55, 61 (6th Cir. 2007) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).

A party may not oppose a properly supported summary judgment motion by mere reliance on the pleadings. See Beckett v. Ford, 384 F. App'x 435, 443 (6th Cir. 2010) (citing Celotex Corp., 477 U.S. at 324). Instead, the nonmoving party must adduce concrete evidence on which a reasonable juror could return a verdict in his favor. Stalbosky v. Belew, 205 F.3d 890, 895 (6th Cir. 2000); see Fed. R. Civ. P. 56(c)(1). The Court does not have the duty to search the record for such evidence. See Fed. R. Civ. P. 56(c)(3); InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989).

Although summary judgment must be used carefully, it "is an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action[,] rather than a disfavored procedural shortcut." FDIC v. Jeff Miller Stables, 573 F.3d 289, 294 (6th Cir. 2009) (quotation marks and citations omitted).

## III. Analysis

### Exhaustion

Under the Prison Litigation Reform Act (the "PLRA"), "No action shall be brought with respect to prison conditions under [section 1983] by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The exhaustion requirement applies to a prisoner's First Amendment retaliation claims. See Burton v. Jones, 321 F.3d 569, 577 (6th Cir. 2003), abrogated on other grounds by Jones v. Bock, 549 U.S. 199 (2007). To properly exhaust a claim under the PLRA, a plaintiff must comply with prison grievance procedures. Bock, 549 U.S. at 922-23 (citing Woodford v. Ngo,

4

548 U.S. 81, 88 (2006)).  The prison's requirements, not the PLRA, define the boundaries of exhaustion.  Id. at 923.

Inmates at HCCF could file grievances at kiosks in the facility.  (ECF No. 35-4.)  Long submitted 21 grievances while incarcerated at HCCF.  Steve Dean, Captain of the Henry County Sheriff's Department, reviewed all of Long's grievances.  (Id.)  None of the grievances alleged retaliation by Page.  (Id.)  Long has provided no evidence that he filed a grievance claiming retaliation by Page.  He has not exhausted his administrative remedies.

For the foregoing reasons, the Motion for Summary Judgment is GRANTED.

SO ORDERED this 28th day of February, 2022.

                                     */s/ Samuel H. Mays, JR.*
                                     SAMUEL H. MAYS, JR.
                                     UNITED STATES DISTRICT JUDGE